## VIRGINIA:  IN THE CIRCUIT COURT OF TAZEWELL COUNTY

JOHN T. BUCHANAN
  121 Edgewater Drive
  Cedar Bluff, VA  24609

.......................................PLAINTIFF

v.

Case No.:  CL 20 - 2129

SANTEK ENVIRONMENTAL OF
VIRGINIA, LLC

......................................DEFENDANT

Serve:   National Registered Agents, Inc.
             4701 Cox Road, Suite 285
             Glen Allen, VA  23060

## **COMPLAINT**

COMES NOW the Plaintiff, John T. Buchanan, with his Complaint alleging personal injuries sustained from negligence of the Defendants in this matter, and in support thereof, respectfully represents as follows:

1. The Plaintiff, John T. Buchanan, is a resident of Tazewell County, Virginia, whose address is 121 Edgewater Drive, Cedar Bluff, Virginia 24609.

2. Defendant, SANTEK Environmental of Virginia, LLC (hereinafter SANTEK) is a Tennessee Limited Liability Company, doing business in Tazewell County, Virginia, under contract to Tazewell County, Virginia, and whose address is 650 25th Street, NW, Ste 100, Cleveland, TN  37311.

3. Defendant is a foreign company authorized to do business in the Commonwealth of Virginia.

4. At all times mentioned herein, particularly on or about July 19, 2019, the Defendants operated, controlled and maintained the property located at Cedar Bluff, Virginia 24609,



Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office.
This the 14th day of Dec, 2020
Time  1:24 P.M.
TESTE: Katherine A. Wright
Clerk; Deputy Clerk

Page | 1 of 5

commonly known as the Cedar Bluff Solid Waste Transfer Station, located at 193 Cedar Valley Drive, Cedar Bluff, Virginia 24609, under a "Sanitary Landfill Operating Agreement Between Tazewell County, Virginia and Santek Environmental of Virginia, LLC" dated January 1, 2017. A copy of this document is attached herewith and incorporated fully herein as Exhibit "A."

5. On or about July 19, 2019, the Plaintiff, John T. Buchanan was a pedestrian, working as a volunteer performing community service at the Cedar Bluff Solid Waste Transfer Station, placed by Tazewell County Probation and Parole office.

6. As a part of the community service process, the employer was responsible for providing a safe work environment and for providing proper supervision and training in the workplace.

7. A component of the Plaintiff's job was to assist customers with loading, unloading, and removing garbage from vehicles. As part of that process, the Plaintiff was expected to direct customers as they drove automobiles toward the dumping area.

8. On July 19, 2019, at approximately 2:30 P.M., the Plaintiff was assisting a pickup truck backing toward the dumping area by directing the driver who was approaching the dumping area in reverse.

9. The driver struck the Plaintiff with his pickup truck and ran him over causing severe bodily harm and injuries requiring significant medical treatment, pain and suffering, and ongoing disability.

10. The driver's pickup truck rolled over the Plaintiff's mid section causing severe internal injuries requiring extensive medical treatment, causing severe pain and suffering, and permanent disability.

11. Defendant Santek utilized the Plaintiff as free labor since he served community service hours for which he had no ability to decline.

12. Defendant provided the Plaintiff with no training for the duties of the position in which he was placed despite the placement in a dangerous position with moving vehicles, heavy equipment, and in dangerous locations.

13. Defendant failed to provide proper or adequate supervision of the Plaintiff or other personnel at the job site, including employees, volunteers and other community service workers.

14. Defendant failed to warn the Plaintiff of the inherent dangers of the position in which he was placed.

15. No traffic controls were provided or installed by the Defendant on the site, leaving traffic to move about freely, forward and in reverse, with no rules, no direction, and no limitations.

16. The Defendant had no traffic controls and no pedestrian controls in place despite a confluence of traffic on foot and in automobiles commingling constantly on the site.

17. Defendant failed to provide proper or effective signage and warnings on the job site.

18. Defendant failed and/or refused to effectively control traffic on the job site.

19. Defendant's Negligence was both a direct and proximate cause of the injuries sustained by the Plaintiff.

20. Since the Plaintiff was assigned to work at this location and had no personal control over this decision, a higher duty of care was owed to him for his safety by the Defendant by virtue of his required participation.

21. Notwithstanding said duties, the Defendant carelessly, recklessly and negligently permitted activities on its premises and omitted responsibilities on its premises in such a

manner as to facilitate a collision with an automobile and the Plaintiff which occurred with great force and effect.

22. As a direct and proximate result of the Defendant's negligence, the business invitee's automobile crashed into the Plaintiff, running him completely over, with great force and effect, causing serious bodily harm.

23. As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained serious and permanent injuries, has been prevented from conducting his normal activities, has suffered and will continue to suffer great pain of body and mind, has sustained permanent disability, deformity and loss of earning capacity, has incurred and will in the future incur hospital, doctor's and related expenses in an effort to be cured of said injuries.

WHEREFORE, the Plaintiff requests compensatory damages for recovery of medical expenses and pain and suffering in the amount of two hundred fifty thousand dollars & 00/100 ($250,000.00), punitive damages in the statutory amount of three hundred thousand dollars & 00/100 ($300,000.00), reasonable attorney's fees since the plaintiff has been forced to retain counsel to prosecute this claim through and by litigation, his costs expended herein, interest at the judgment rate of six percent (6%) per annum, and any additional award that the Court deems just and reasonable.  A trial by jury is demanded.

Requested by:
**JOHN T. BUCHANAN**
*By counsel*

Bradley C. Ratliff, VSB #74185
THE RATLIFF LAW FIRM
P.O. Box 33
1053 Cedar Valley Drive
Cedar Bluff, Virginia  24609
Voice:  276.522.1220
Fax:  276.206.2255
E-Mail:  Brad@Ratlifflaw.net

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing Complaint was mailed to the Defendant, SANTEK Environmental of Virginia, LLC, 650 25th Street, NW, STE 100, Cleveland, Tennessee 37311, on this the _10th_ day of December, 2020.

Bradley C. Ratliff
*Counsel to Plaintiff*



*Cedar Bluff, Virginia | Main Office*
1053 Cedar Valley Drive
P. O. Box 33
Cedar Bluff, Virginia 24609
Voice: (276) 522-1220
Fax: (276) 206-2255

THE
**RATLIFF LAW FIRM**
A Professional Corporation
www.ratlifflaw.net

Bradley C. Ratliff, Attorney at Law
Jeffrey W. Stowers, Jr., Attorney at Law
Kristen N. Lawson-McVey, Attorney at Law
Natasha L. Ratliff, Practice Administrator

FEIN:  46-2156927

*Sender's E-Mail: Brad@ratlifflaw.net*

December 9, 2020

**VIA FIRST-CLASS MAIL**
The Honorable Tammy Allison, Clerk
Tazewell Circuit Court
135 Court Street, Suite 202
Tazewell, VA 24651

    **RE:   John T. Buchanan v. SANTEK Environmental of Virginia, LLC**
        **Claim No.: Unassigned**
        **Tazewell County Circuit Court**

Dear Ms. Allison:

      Enclosed, please find our Complaint for filing with the Court at your earliest convenience.  We are also including a separate copy for service on the Defendant as well as the requisite fees for the same.  Please return a stamped copy to our office in the enclosed self-addressed, stamped envelope.

      Thank you in advance for your kind attention and assistance.  Should you have any questions, please do not hesitate to contact me.

                   Sincerely,

                   **THE RATLIFF LAW FIRM**

                   Bradley C. Ratliff

BCR/

Cc:   Mr. John  T. Buchanan

Enclosure

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office,
This the 14th day of Dec 2020
Time  1:24 P. , M.
TESTE: Katherine A Wright
Clerk, Deputy Clerk

# COMMONWEALTH OF VIRGINIA



TAZEWELL CIRCUIT COURT
Civil Division
135 COURT STREET, SUITE 202
TAZEWELL VA 24651
(276) 385-1222

Summons

To: SANTEK ENVIRONMENTAL OF VA LLC
NATIONAL REG. AGENTS, INC.
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

Case No. 185CL20002129-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, December 14, 2020

Clerk of Court: TAMMY B ALLISON

by _Katherine A. Wright_
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:   RATLIFF, BRAD
1053 CEDAR VALLEY DRIVE
CEDAR BLUFF VA 24609

# COMMONWEALTH OF VIRGINIA



TAZEWELL CIRCUIT COURT
Civil Division
135 COURT STREET, SUITE 202
TAZEWELL VA 24651
(276) 385-1222

Proof of Service

Virginia:
In the TAZEWELL CIRCUIT COURT

Case number: 185CL20002129-00
Service number: 001
Service filed: December 14, 2020
Judge:

Served by: HENRICO COUNTY
Style of case: JOHN T BUCHANAN  vs SANTEK ENVIRONMENTAL OF VA LLC
Service on: SANTEK ENVIRONMENTAL OF VA LLC         Attorney: RATLIFF, BRAD
            NATIONAL REG. AGENTS, INC.                        1053 CEDAR VALLEY DRIVE
            4701 COX ROAD, SUITE 285                          CEDAR BLUFF VA 24609
            GLEN ALLEN VA 23060

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, December 14, 2020 with a copy of the
Complaint filed Monday, December 14, 2020 attached.

Hearing date   :
Service issued: Monday, December 14, 2020

For Sheriff Use Only

| NAME: SANTEK ENVIRONMENTAL OF VA LLC - ATTN: NATIONAL REG. AGENTS, INC. |
|---|

☐ PERSONAL SERVICE

☐ Being unable to make personal service, a copy was delivered in the following manner
☐ Delivered to person found in charge of usual place of business or employment during normal business hours and giving information to its purport

---

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above giving information of its purport. List name, age of recipient and relation of recipient to party named above

---

☐ Posted on the common door of usual place of abode, address listed above. (Other authorized recipient not found.)
☐ Copy mailed to judgement debtor on date below after serving the garnishee unless a different date is shown below
☐ No envelope provided

---

☐ Evicted          ☐ Not Evicted
☒ Served on registered agent   JESSICA FITZGERALD
☐ Not Found

| ☐ No Levy Required |
|---|
| ☐ Not in this jurisdiction |

| ☐ NO EFFECTS FOUND | DEPUTY SHERIFF |
|---|---|
| | _W Cone_ |
| | Cone, W. |
| 12/29/2020<br>Date | FOR: Sheriff Alisa A. Gregory<br>Henrico County, Virginia |

**Paper Number: 3488998**
**Court Case Number: 185CL20002129-00**
Notes: SEE ATTACHED AUTHORIZATION

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office.
This the _1_ day of _Jan_, _2021_
Time _9:30 a_. M.
TESTE: _Angela Kay_
Clerk, Deputy Clerk

## Service Authorization
## National Registered Agents, Inc.

National Registered Agents, Inc. ("NRAI") is registered agent for service of process for numerous corporations and similar entities. NRAI receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of National Registered Agents, Inc. and in receiving the process, do so only on NRAI's behalf and in NRAI's capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

_As such, neither National Registered Agents, Inc., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on NRAI's clients._

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Katie Bush                     Teresa Brown                     Jessica Fitzgerald

This authorization does not certify the receipt or acceptance of any specific process

Teresa Brown
Team Leader
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Teresa Brown, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this 30th day of April, 2018.

Notary Public

# COMMONWEALTH OF VIRGINIA



### TAZEWELL CIRCUIT COURT
Civil Division
135 COURT STREET, SUITE 202
TAZEWELL VA 24651
(276) 385-1222

Virginia:                                     Proof of Service
In the TAZEWELL CIRCUIT COURT

Case number: 185CL20002129-00
Service number: 001
Service filed: December 14, 2020
Judge:

Served by: HENRICO COUNTY
Style of case: JOHN T BUCHANAN  vs SANTEK ENVIRONMENTAL OF VA LLC
Service on: SANTEK ENVIRONMENTAL OF VA LLC          Attorney: RATLIFF, BRAD
NATIONAL REG. AGENTS, INC.                            1053 CEDAR VALLEY DRIVE
4701 COX ROAD, SUITE 285          3488998             CEDAR BLUFF VA 24609
GLEN ALLEN VA 23060

Instructions:

Returns shall be made hereon, showing service of Summons issued Monday, December 14, 2020 with a copy of the Complaint filed Monday, December 14, 2020 attached.

Hearing date  :
Service issued: Monday, December 14, 2020

### For Sheriff Use Only

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office.
This the _1_ day of _Jan_ _2021_
Time _9:30_ _a_ M.
TESTE: _Angela K Ray_
Clerk, Deputy Clerk

**VIRGINIA: IN THE CIRCUIT COURT OF TAZEWELL COUNTY**

JOHN T. BUCHANAN

      Plaintiff,

    Case No.: CL20-2129

v.

SANTEK ENVIRONMENTAL OF
VIRGINIA, LLC,

      Defendant.

> Received and filed in Tazewell County,
> Virginia Circuit Court Clerk's Office.
> This the 22 day of Jan 2021
> Time 10:40 A. M.
> TESTE: Kathy Crouse
> Clerk, Deputy Clerk

## PLEA IN BAR

Defendant, Santek Environmental of Virginia, LLC ("Santek"), by undersigned counsel, for its plea in bar, states as follows:

1.     Under the facts alleged, Santek is entitled to sovereign immunity.

2.     Contractors hired by an immune entity are entitled to sovereign immunity if the actions performed under the contract are considered a governmental function. *See, Consortium Sys. LLC v. Lane Eng'g, Inc.*, 95 Va. Cir. 73 (Scott Co. 2017).

3.     In Virginia, counties are entitled to the sovereign immunity of the Commonwealth. *Fry v. Albermarle County*, 86 Va. 195, 9 S.F. 1004, 1005 (1890).

4.     The operation of a public landfill is a governmental activity. *Churchill Apartments Associates v. City of Richmond*, 36 Va. Cir. 204 (1995) (citing *Taylor v. City of Newport News*, 214 Va. 9, 10 (1993); See *Ashbury v. City of Norfolk*, 152 Va. 278 (1929)).

5.     Plaintiff alleges that Santek operated the Cedar Bluff Solid Waste Transfer Station, located at 193 Cedar Valley Drive, Cedar Bluff, Virginia 24609, under a contract with Tazewell County, Virginia. (Compl. ¶ 4.)

6.     Thus, Santek is a contractor hired by an immune entity to perform a governmental function and is entitled to sovereign immunity.

Abingdon: 1139171-1

WHEREFORE, Santek moves the Court to dismiss the Complaint and for its costs expended.

## DEMURRER

Without waiving the above Plea in Bar and expressly relying thereon, Santek, by undersigned counsel, for its Demurrer pursuant to Va. Code § 8.01-273, states as follows:

1.      Virginia follows the rule that "a plaintiff must allege all facts necessary to establish" a cause of action. *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989).

2.      While a trial court is required to accept the accuracy of all well-pleaded facts, as well as inferences fairly drawn from these facts, a demurrer does not admit the correctness of the pleader's conclusions of law. See *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160, 161 (1991). Also, a court is not bound by conclusory allegations when the issues involve mixed questions of law and fact. *See id.* at 28, 400 S.E.2d at 163.

3.      Virginia follows the doctrine of contributory negligence, meaning that a plaintiff will be barred from recovery if her own negligence contributes to her damages. *Baskett v. Banks*, 186 Va. 1022, 45 S.E.2d 173 (1947). In other words, "[o]ne cannot charge another in damages for negligently injuring [her] when [her] own failure to exercise reasonable care was responsible for the occurrence of which [s]he complains.'" *Gottlieb v. Andrus*, 200 Va. 114, 118, 104 S.E.2d 743, 747 (1958) (quoting *Flakne v. Telephone Co.*, 199 Va. 31, 34, 97 S.E.2d 650,652 (1957)). When the facts alleged in a complaint disclose that the plaintiff was guilty of negligence which proximately caused his injuries, a demurrer should be sustained. *Baker v. Butterworth*, 119 Va. 402, 406–07, 89 S.E. 849, 850 (1916).

4.      Plaintiff alleges that he was struck and run over by a pickup truck that he was assisting and directing toward the dumping area. (Compl. ¶¶ 8-10.) Thus, the facts alleged in

2

Plaintiff's Complaint disclose that he improperly directed the vehicle, failed to keep a proper lookout, improperly positioned himself in the vehicles' path, assumed the risk of injury, and was guilty of contributory negligence as a matter of law which proximately caused his alleged injuries.

5.      Additionally, the Complaint fails to state a claim for attorney's fees and expenses against Santek. "Generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." *Mullins v. Richlands Nat. Bank*, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991). A demand for attorney's fees must identify the basis upon which the party relies in requesting attorney's fees. Va. Sup. Ct. R. 3:25(B). The basis identified by the Plaintiff in the prayer for relief in his Complaint is that he "has been forced to retain counsel to prosecute this claim through and by litigation." (Compl. at 4.) Because this is not an adequate basis to support an award of attorney's fees, the Complaint fails to state a claim for attorney's fees and expenses.

6.      Finally, the Complaint fails to state a claim for punitive damages because punitive damages "must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Woods v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263, 268 (2003). The allegations contained in the Complaint are insufficient as a matter of law to support a prayer for punitive damages.

WHEREFORE, Santek moves the Court to sustain its Demurrer and dismiss the Complaint.

## ANSWER

Without waiving the above Plea in Bar and Demurrer, and expressly relying thereon, Santek, by undersigned counsel, answers the Complaint as follows:

1.      Defendant, upon information and belief, admits the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint alleging that Defendant "operated, controlled and maintained" the subject property are, in part, legal conclusions to which no response is required. Responding to the remaining allegations in Paragraph 4 of the Complaint, the document referenced as Exhibit "A" was not attached to the Complaint served upon Defendants. Therefore, Defendant has insufficient knowledge to either admit or deny the allegations regarding Exhibit "A," but states that the referenced document speaks for itself. To the extent any further response it required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant, upon information and belief, admits the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

Abingdon: 1139171-1

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint that Plaintiff was a volunteer serving community service hours. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint regarding Plaintiff's ability to decline such work assignment. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     The allegations contained in Paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies all allegations not specifically admitted herein.

25.     Defendant denies that it is liable or indebted to the Plaintiff in the amount sued for or any amount and denies the Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Defendant raises the below affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, Defendant does not concede that it bears the burden of proof or the burden of persuasion as to any such defense. Defendant reserves the right to: (1)

rely on any other applicable defenses that may become apparent during fact or expert discovery, and (2) amend this document or its answer to assert any such defenses.

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's damages, if any, were caused due to his contributory negligence.

3.      To the extent that Claimant claims punitive damages, the claim is barred in whole or in part by the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Eighth Amendment of the United States Constitution, and counterpart provisions of the applicable Virginia Constitution and statutes governing these damages.

4.      Plaintiff's damages, if any, were caused by an intervening and/or superseding cause(s), including but limited to the actions of people or entities other than Defendant who caused or contributed to the damages Plaintiff alleges to have suffered.

5.      To the extent Plaintiff has failed to mitigate his damages, his claims are barred and/or remedy diminished.

6.      Plaintiff knew about the risk, and voluntarily undertook the risk that led to the alleged accident and injuries.

7.      Plaintiff's claims are barred by sovereign immunity.

SANTEK ENVIRONMENTAL OF VIRGINIA, LLC

By Counsel

Abingdon: 1139171-1

Danielle Stone
VSB No. 84503
Penn, Stuart & Eskridge
P.O. Box 2288
Abingdon, Virginia 24212
(276) 628-5151
(276) 623-1730 (facsimile)
dstone@pennstuart.com

By _____
    Danielle Stone

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2021, a copy of the foregoing *Notice of*

*Filing of Notice of Removal* was forwarded to the following via e-mail and U.S. Mail:

Bradley C. Ratliff
The Ratliff Law Firm
P.O. Box 33
1053 Cedar Valley Drive
Cedar Bluff, Virginia 24609
Brad@Ratlifflaw.net

Danielle Stone

9

Abingdon: 1139171-1

## VIRGINIA: IN THE CIRCUIT COURT OF TAZEWELL COUNTY

JOHN T. BUCHANAN

      Plaintiff,

                                   Case No.: CL20-2129

v.

SANTEK ENVIRONMENTAL OF
VIRGINIA, LLC,

      Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

    Please take notice, that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on January 22, 2021, Defendant Santek Environmental of Virginia, LLC removed this action from the Circuit Court of Tazewell County Virginia to the United States District Court for the Western District of Virginia by a Notice of Removal, a copy of which is attached hereto as Exhibit 1.

                                SANTEK ENVIRONMENTAL OF VIRGINIA, LLC

                                By Counsel

Danielle Stone
VSB No. 84503
Penn, Stuart & Eskridge
P.O. Box 2288
Abingdon, Virginia 24212
(276) 628-5151
(276) 623-1730 (facsimile)
dstone@pennstuart.com

By _Danielle Stone_
    Danielle Stone

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office.
This the _22_ day of _Jan_, _2021_
Time _10:40_ _A_.M.
TESTE: _Kathy Crouse_
Clerk, Deputy Clerk

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2021, a copy of the foregoing *Notice of*

*Filing of Notice of Removal* was forwarded to the following via e-mail and U.S. Mail:

Bradley C. Ratliff
The Ratliff Law Firm
P.O. Box 33
1053 Cedar Valley Drive
Cedar Bluff, Virginia 24609
Brad@Ratlifflaw.net

*Danielle Stone*

Danielle Stone

Abingdon: 1138979-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

JOHN T. BUCHANAN

      Plaintiff,

v.

SANTEK ENVIRONMENTAL OF
VIRGINIA, LLC,

      Defendant.

Civil Action No.: _____
(Tazewell Co. Case No.: CL20-2129)

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office
This the 22 day of Jan, 2021
Time 10:40 A.M.
TESTE: Kathy Crouse
Clerk, Deputy Clerk

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Santek Environmental of Virginia, LLC ("Santek"), by undersigned counsel, files this Notice of Removal of the above referenced civil action, based upon diversity jurisdiction under 28 U.S.C. § 1332.

## TIMELINESS OF REMOVAL

1.      Plaintiff, John T. Buchanan, filed this civil action on or about December 14, 2020, in the Circuit Court of Tazewell County, Virginia, where it was docketed as CL20-2129. *See* Complaint at 1, a copy of which is attached hereto as Exhibit A.

2.      Defendant was served with the Complaint, via its registered agent for service, on December 29, 2020. *See* "Service of Process Summary Transmittal Form", included as the cover page to Ex. A.

3.      This Notice of Removal is filed timely, it being made within thirty (30) days from the date of service, December 29, 2020. *See* 28 U.S.C. § 1446(b); *see also PurAyr, LLC v. Phocatox Techs., LLC*, 263 F. Supp. 3d 632, 635 - 636 (W.D. Va. 2016) (providing "formal service under state law is necessary to start the removal clock") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

1

**EXHIBIT**

tabbies

1

## GROUNDS FOR REMOVAL

### A. Diversity Jurisdiction

4.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, which confers original jurisdiction of "all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . .."

### i.   The Parties are diverse.

5.     Plaintiff is now and was at the commencement of this action a resident of and domiciled in Virginia, residing at 121 Edgewater Drive, Cedar Bluff, Virginia 24609. *See* Ex. A at ¶ 1.

6.     The only defendant in this action, Santek, is a Tennessee limited liability company, which does business in Tazewell County, Virginia. *See* Ex. A at ¶ 2; Articles of Organization of Santek Environmental of Virginia, LLC, attached hereto as Exhibit B.

7.     For limited liability companies, "citizenship for purposes of diversity jurisdiction turns not on its place of formation or principal place of business, but on the citizenship" of the limited liability company's "members". *Travelers Indem. Co. of Am. v. Portal Healthcare Sols., L.L.C.,* 644 F. App'x 245, 246 (4th Cir. 2016) (emphasis added).

8.     Santek is now and was at the commencement of this action a citizen of Tennessee. The sole member of Santek Environmental of Virginia, LLC, is Santek Environmental, LLC, a Tennessee limited liability company. *See* Tennessee Department of State Filing Information for Santek Environmental, LLC, attached hereto as Exhibit C.

Abingdon: 1138979-1

9.     Further, the sole member of Santek Environmental, LLC, is Santek Waste Services, LLC, a Tennessee limited liability company. *See* Tennessee Department of State Filing Information for Santek Waste Services, LLC, attached hereto as <u>Exhibit</u> D.

10.    Lastly, the sole member of Santek Waste Services, LLC, is Santek Holdings Inc., a Tennessee Corporation with its principal place of business in Cleveland, Tennessee. *See* Tennessee Department of State Filing Information for Santek Holdings, Inc., attached hereto as <u>Exhibit</u> E.

**ii.     The amount in controversy exceeds the $75,000.00 jurisdictional threshold.**

11.     "In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" *JTX Tax, Inc.* 624 F.3d at 368 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289).

12.     Plaintiff alleges that he suffered severe bodily harm and injuries requiring significant medical treatment, pain and suffering, and ongoing disability from an alleged accident that occurred at a waste transfer facility operated by Defendant. *See* <u>Ex</u>. A at ¶¶ 5 – 10.

13.     In relation to these alleged injuries, Plaintiff, in this action, seeks various categorical damages, including: (a) "medical expenses and pain and suffering in the amount of two hundred fifty thousand dollars," (b) "punitive damages in the statutory amount of three hundred thousand dollars," and (c) reasonable attorney's fees.[1] *See* <u>Ex</u>. A at pg. 4.

---

[1] *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) (finding that "potential attorney's fees should be considered in the amount-in-controversy determination" to satisfy diversity jurisdiction).

14. Accordingly, Plaintiff's allegations and attendant prayer for damages satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

### FILING AND SERVICE OF NOTICE

15. Copies of all process, pleadings, and orders filed in the State Court Action, including the Notice of Filing of Notice of Removal, are attached collectively as Exhibit F in accordance with 28 U.S.C. § 1446(a).

16. A copy of this Notice of Removal is also being served on counsel of record for Plaintiff, as reflected in the attached Certificate of Service.

WHEREFORE, this action and all papers herein should be removed from the state court to this court.

SANTEK ENVIRONMENTAL OF VIRGINIA, LLC

By Counsel

Danielle Stone
 VSB No. 84503
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/623-1730
dstone@pennstuart.com


By _/s/ Danielle Stone_____
        Danielle Stone

## CERTIFICATE OF SERVICE

I hereby certify that on 22nd day of January, 2021, I electronically filed the

foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system and that I

forwarded the same to the following via e-mail and U.S. Mail:

Bradley C. Ratliff
The Ratliff Law Firm
P.O. Box 33
1053 Cedar Valley Drive
Cedar Bluff, Virginia 24609
Brad@Ratlifflaw.net

/s/ Danielle Stone
Danielle Stone

## *NATIONAL REGISTERED AGENTS, INC.*
### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  BRENDA HODGES BINDER
Miller & Martin PLLC
832 GEORGIA AVE STE 1200
CHATTANOOGA, TN 37402-2285

SOP Transmittal #  **538809219**

Entity Served:  SANTEK ENVIRONMENTAL OF VIRGINIA, LLC  (Domestic State: VIRGINIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of VIRGINIA on this 29 day of December, 2020. The following is a summary of the document(s) received:

1.  **Title of Action:**  JOHN.T. BUCHANAN, Pltf. vs. SANTEK ENVIRONMENTAL OF VIRGINIA, LLC, Dft

2.  **Document(s) Served:**   Other: -

3.  **Court of Jurisdiction/Case Number:** None Specified
Case # 185CL2000212900

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

    _X_ Personally served by:       _X_ Process Server      ___ Law Enforcement       ___ Deputy Sheriff       ___ U. S Marshall

    ___ Delivered Via:       ___ Certified Mail       ___ Regular Mail       ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**   12/29/2020 11:05:00 AM CST

7.  **Appearance/Answer Date:**  None Specified

8.  **Received From:**     None Specified                    9.  **Carrier Airbill #** 1ZY041160191224940

                                                            10.  **Call Made to:** Not required

11.      **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Registered Agent: **NATIONAL REGISTERED AGENTS, INC**              CopiesTo:

888-579-0286 - Telephone
804-217-8086 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by  Lisa Uttech

ORIGINAL



# COMMONWEALTH OF VIRGINIA



### TAZEWELL CIRCUIT COURT
Civil Division
135 COURT STREET, SUITE 202
TAZEWELL VA 24651
(276) 385-1222

Summons

To: SANTEK ENVIRONMENTAL OF VA LLC          Case No. 185CL20002129-00
NATIONAL REG. AGENTS, INC.
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, December 14, 2020

Clerk of Court: TAMMY B ALLISON

by _Katherine A. Wright_
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:     RATLIFF, BRAD
1053 CEDAR VALLEY DRIVE
CEDAR BLUFF VA 24609

## VIRGINIA:  IN THE CIRCUIT COURT OF TAZEWELL COUNTY

JOHN T. BUCHANAN
   121 Edgewater Drive
   Cedar Bluff, VA  24609

v.

SANTEK ENVIRONMENTAL OF
VIRGINIA, LLC

Serve:   National Registered Agents, Inc.
        4701 Cox Road, Suite 285
        Glen Allen, VA  23060

.............................................PLAINTIFF

Case No.:  CL 20 - 2129

.......................................DEFENDANT

### COMPLAINT

COMES NOW the Plaintiff, John T. Buchanan, with his Complaint alleging personal injuries sustained from negligence of the Defendants in this matter, and in support thereof, respectfully represents as follows:

1. The Plaintiff, John T. Buchanan, is a resident of Tazewell County, Virginia, whose address is 121 Edgewater Drive, Cedar Bluff, Virginia 24609.

2. Defendant, SANTEK Environmental of Virginia, LLC (hereinafter SANTEK) is a Tennessee Limited Liability Company, doing business in Tazewell County, Virginia, under contract to Tazewell County, Virginia, and whose address is 650 25th Street, NW, Ste 100, Cleveland, TN 37311.

3. Defendant is a foreign company authorized to do business in the Commonwealth of Virginia.

4. At all times mentioned herein, particularly on or about July 19, 2019, the Defendants operated, controlled and maintained the property located at Cedar Bluff, Virginia 24609,

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office.
This the 14th day of Dec, 2020
Time 1:24 P.M.
TESTE: Katherine A Wright
Clerk; Deputy Clerk

Page | 1 of 5

commonly known as the Cedar Bluff Solid Waste Transfer Station, located at 193 Cedar Valley Drive, Cedar Bluff, Virginia 24609, under a "Sanitary Landfill Operating Agreement Between Tazewell County, Virginia and Santek Environmental of Virginia, LLC" dated January 1, 2017.   A copy of this document is attached herewith and incorporated fully herein as Exhibit "A."

5.  On or about July 19, 2019, the Plaintiff, John T. Buchanan was a pedestrian, working as a volunteer performing community service at the Cedar Bluff Solid Waste Transfer Station, placed by Tazewell County Probation and Parole office.

6.  As a part of the community service process, the employer was responsible for providing a safe work environment and for providing proper supervision and training in the workplace.

7.  A component of the Plaintiff's job was to assist customers with loading, unloading, and removing garbage from vehicles.   As part of that process, the Plaintiff was expected to direct customers as they drove automobiles toward the dumping area.

8.  On July 19, 2019,  at approximately 2:30 P.M., the Plaintiff was assisting a pickup truck backing  toward the dumping area by directing the driver who was approaching the dumping area in reverse.

9.  The driver struck the Plaintiff with his pickup truck and ran him over causing severe bodily harm and injuries requiring significant medical treatment, pain and suffering, and ongoing disability.

10. The driver's pickup truck rolled over the Plaintiff's mid section causing severe internal injuries requiring extensive medical treatment, causing severe pain and suffering, and permanent disability.

11. Defendant Santek utilized the Plaintiff as free labor since he served community service hours for which he had no ability to decline.

12. Defendant provided the Plaintiff with no training for the duties of the position in which he was placed despite the placement in a dangerous position with moving vehicles, heavy equipment, and in dangerous locations.

13. Defendant failed to provide proper or adequate supervision of the Plaintiff or other personnel at the job site, including employees, volunteers and other community service workers.

14. Defendant failed to warn the Plaintiff of the inherent dangers of the position in which he was placed.

15. No traffic controls were provided or installed by the Defendant on the site, leaving traffic to move about freely, forward and in reverse, with no rules, no direction, and no limitations.

16. The Defendant had no traffic controls and no pedestrian controls in place despite a confluence of traffic on foot and in automobiles commingling constantly on the site.

17. Defendant failed to provide proper or effective signage and warnings on the job site.

18. Defendant failed and/or refused to effectively control traffic on the job site.

19. Defendant's Negligence was both a direct and proximate cause of the injuries sustained by the Plaintiff.

20. Since the Plaintiff was assigned to work at this location and had no personal control over this decision, a higher duty of care was owed to him for his safety by the Defendant by virtue of his required participation.

21. Notwithstanding said duties, the Defendant carelessly, recklessly and negligently permitted activities on its premises and omitted responsibilities on its premises in such a

manner as to facilitate a collision with an automobile and the Plaintiff which occurred with great force and effect.

22. As a direct and proximate result of the Defendant's negligence, the business invitee's automobile crashed into the Plaintiff, running him completely over, with great force and effect, causing serious bodily harm.

23. As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained serious and permanent injuries, has been prevented from conducting his normal activities, has suffered and will continue to suffer great pain of body and mind, has sustained permanent disability, deformity and loss of earning capacity, has incurred and will in the future incur hospital, doctor's and related expenses in an effort to be cured of said injuries.

WHEREFORE, the Plaintiff requests compensatory damages for recovery of medical expenses and pain and suffering in the amount of two hundred fifty thousand dollars & 00/100 ($250,000.00), punitive damages in the statutory amount of three hundred thousand dollars & 00/100 ($300,000.00), reasonable attorney's fees since the plaintiff has been forced to retain counsel to prosecute this claim through and by litigation, his costs expended herein, interest at the judgment rate of six percent (6%) per annum, and any additional award that the Court deems just and reasonable. A trial by jury is demanded.

Requested by:
**JOHN T. BUCHANAN**
*By counsel*

Bradley C. Ratliff, VSB #74185
THE RATLIFF LAW FIRM
P.O. Box 33
1053 Cedar Valley Drive
Cedar Bluff, Virginia 24609
Voice: 276.522.1220
Fax: 276.206.2255
E-Mail: Brad@Ratlifflaw.net

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing Complaint was mailed to the Defendant, SANTEK Environmental of Virginia, LLC, 650 25th Street, NW, STE 100, Cleveland, Tennessee 37311, on this the _10th_ day of December, 2020.

Bradley C. Ratliff
*Counsel to Plaintiff*

1008050216





**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

**LLC-1011**
**(07/05)**

**ARTICLES OF ORGANIZATION OF A**
**DOMESTIC LIMITED LIABILITY COMPANY**

Pursuant to Chapter 12 of Title 13.1 of the Code of Virginia the undersigned states as follows:

1.  The name of the limited liability company is

    Santek Environmental of Virginia, LLC
    <small>(The name must contain the words "limited company" or "limited liability company" or the abbreviation "L.C.", "LC", "L.L.C." or "LLC")</small>

2. A. The name of the limited liability company's initial registered agent is

    National Registered Agents, Inc.

   B. The registered agent is (mark appropriate box):

    (1) an <u>INDIVIDUAL</u> who is a resident of Virginia **and**
       ☐ a member or manager of the limited liability company.
       ☐ a member or manager of a limited liability company that is a member or manager of the limited liability company.
       ☐ an officer or director of a corporation that is a member or manager of the limited liability company.
       ☐ a general partner of a general or limited partnership that is a member or manager of the limited liability company.
       ☐ a trustee of a trust that is a member or manager of the limited liability company.
       ☐ a member of the Virginia State Bar.

                                   **OR**

    (2) ☒ a domestic or foreign stock or nonstock corporation, limited liability company or registered limited liability partnership authorized to transact business in Virginia.

3.  The limited liability company's initial registered office address, including the street and number, if any, which is identical to the business office of the initial registered agent, is

    201 N. Union Street, Suite 140, Alexandria                    VA 22314
    <small>(number/street)</small>                               <small>(city or town)</small>   <small>(zip)</small>

    which is physically located in the ☐ county or ☒ city of   Alexandria

4.  The limited liability company's principal office address, including the street and number, if any, is

    650 26th Street., NW, Suite 100          Cleveland          TN   37311
    <small>(number/street)</small>            <small>(city or town)</small>   <small>(state)</small>  <small>(zip)</small>

5.  Organizer:                                       8-4-10
    <small>(signature)</small>                                <small>(date)</small>

    Gregory C. Hamilton
    <small>(printed name)</small>                             <small>(telephone number (optional))</small>

**SEE INSTRUCTIONS ON THE REVERSE**

**EXHIBIT**
**B**



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

# Filing Information

Name:   **Santek Environmental, LLC**

## General Information

| | | | |
|---|---|---|---|
| **SOS Control #** | 000187065 | Formation Locale: | TENNESSEE |
| Filing Type: | Limited Liability Company - Domestic | Date Formed: | 04/03/1987 |
| | 04/03/1987 4:30 PM | Fiscal Year Close | 12 |
| Status: | Active | Member Count: | 1 |
| Duration Term: | Perpetual | | |
| Managed By: | Member Managed | | |

**Registered Agent Address**
EDWARD A CAYLOR
STE 100
650 25TH ST NW
CLEVELAND, TN 37311-1353

**Principal Address**
STE 100
650 25TH ST NW
CLEVELAND, TN 37311-1353

The following document(s) was/were filed in this office on the date(s) indicated below:

| Date Filed | Filing Description | Image # |
|---|---|---|
| 03/31/2020 | 2019 Annual Report | B0849-7647 |
| 04/09/2019 | 2018 Annual Report | B0690-0735 |
| 04/06/2018 | 2017 Annual Report | B0529-7989 |
| 07/05/2017 | 2016 Annual Report | B0412-9847 |
| 06/01/2017 | Notice of Determination | B0400-1582 |
| 03/29/2016 | 2015 Annual Report | B0223-8497 |
| 11/17/2015 | Conversion | B0166-3382 |

Filing Name Changed  From: SANTEK ENVIRONMENTAL, INC.  To: Santek Environmental, LLC

Shares of Stock Changed  From: 2,000  To: No value

Member Count Changed  From: 0  To: 1

Managed By Changed  From: No Value  To: Member Managed

Registered Agent First Name Changed  From: KENNETH  To: EDWARD

Registered Agent Last Name Changed  From: HIGGINS  To: CAYLOR

Registered Agent Middle Name Changed  From: D  To: A

| 01/27/2015 | 2014 Annual Report | B0047-5848 |
| 04/04/2014 | 2013 Annual Report | A0233-2714 |

1/18/2021 12:27:47 PM



Page 1 of 3

# Filing Information

Name:   **Santek Environmental, LLC**

| Date | Description | Reference |
|---|---|---|
| 03/29/2013 | 2012 Annual Report | A0169-0447 |
| 03/28/2012 | 2011 Annual Report | A0113-1359 |

Principal Address 1 Changed  From: 650 25TH STREET N W  To: 650 25TH ST NW
Principal Address 2 Changed  From: SUITE 100  To: STE 100
Principal Postal Code Changed  From: 37311  To: 37311-1353
Principal County Changed  From: No value  To: BRADLEY COUNTY

| Date | Description | Reference |
|---|---|---|
| 02/25/2011 | 2010 Annual Report | A0058-0746 |
| 03/11/2010 | 2009 Annual Report | A0009-2450 |
| 03/19/2009 | 2008 Annual Report | 6482-0578 |
| 02/26/2008 | 2007 Annual Report | 6223-1127 |
| 02/22/2007 | 2006 Annual Report | 5959-1920 |
| 03/16/2006 | 2005 Annual Report | 5720-1153 |
| 03/15/2005 | 2004 Annual Report | 5390-3216 |
| 03/18/2004 | 2003 Annual Report | 5072-2091 |
| 02/13/2003 | 2002 Annual Report | 4728-1592 |
| 02/04/2002 | 2001 Annual Report | 4411-1862 |
| 01/26/2001 | 2000 Annual Report | 4105-1629 |
| 03/14/2000 | 1999 Annual Report | 3852-1669 |
| 03/11/1996 | CMS Annual Report Update | 3132-2269 |

Principal Address Changed
Registered Agent Physical Address Changed
Mail Address Changed

| Date | Description | Reference |
|---|---|---|
| 09/11/1991 | Articles of Amendment | 2263-0635 |

Name Changed

| Date | Description | Reference |
|---|---|---|
| 05/07/1991 | Articles of Amendment | 2171-0588 |

Principal Address Changed

| Date | Description | Reference |
|---|---|---|
| 05/07/1991 | Registered Agent Change (by Entity) | 2171-0589 |

Registered Agent Physical Address Changed
Registered Agent Changed

| Date | Description | Reference |
|---|---|---|
| 12/28/1990 | Administrative Amendment | 2020-0166A |

Mail Address Changed

| Date | Description | Reference |
|---|---|---|
| 10/19/1990 | Notice of Determination | ROLL 1969 |
| 06/16/1990 | Administrative Amendment | FYC/REVENUE |

Fiscal Year Close Changed

| Date | Description | Reference |
|---|---|---|
| 04/03/1987 | Initial Filing | 678 03404 |

# Filing Information

Name:     **Santek Environmental, LLC**

| **Active Assumed Names (if any)** | **Date** | **Expires** |
| --- | --- | --- |



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## Filing Information

Name:    **Santek Waste Services, LLC**

### General Information

| | | | |
|---|---|---|---|
| **SOS Control #** | 000659921 | Formation Locale: | TENNESSEE |
| Filing Type: | Limited Liability Company - Domestic 06/02/2011 12:27 PM | Date Formed: | 06/02/2011 |
| | | Fiscal Year Close | 12 |
| Status: | Active | Member Count: | 1 |
| Duration Term: | Perpetual | | |
| Managed By: | Member Managed | | |

**Registered Agent Address**
EDWARD A CAYLOR
STE 100
650 25TH ST NW
CLEVELAND, TN  37311-1353

**Principal Address**
STE 100
650 25TH ST NW
CLEVELAND, TN  37311-1353

The following document(s) was/were filed in this office on the date(s) indicated below:

| Date Filed | Filing Description | Image # |
|---|---|---|
| 03/31/2020 | 2019 Annual Report | B0849-7492 |
| 04/09/2019 | 2018 Annual Report | B0690-0732 |
| 04/06/2018 | 2017 Annual Report | B0529-7959 |
| 07/05/2017 | 2016 Annual Report | B0412-9827 |
| 06/01/2017 | Notice of Determination | B0401-4135 |
| 03/29/2016 | 2015 Annual Report | B0223-8545 |
| 11/17/2015 | Conversion | B0166-3390 |

Filing Name Changed  From: Santek Waste Services, Inc.  To: Santek Waste Services, LLC

Shares of Stock Changed  From: 1,000  To: No value

Member Count Changed  From: 0  To: 1

Managed By Changed  From: No Value  To: Member Managed

Registered Agent First Name Changed  From: EDDIE  To: EDWARD

Registered Agent Middle Name Changed  From: No Value  To: A

| 01/27/2015 | 2014 Annual Report | B0047-5828 |
| 04/08/2014 | 2013 Annual Report | A0234-1522 |
| 03/29/2013 | 2012 Annual Report | A0169-0461 |



EXHIBIT
D

# Filing Information

Name:     **Santek Waste Services, LLC**

| | |
|---|---|
| Registered Agent First Name Changed  From: RAY  To: EDDIE | |
| Registered Agent Middle Name Changed  From: D.  To: No Value | |
| Registered Agent Last Name Changed  From: STEWART  To: CAYLOR | |
| 03/28/2012   2011 Annual Report | A0113-1379 |
| Principal Address 1 Changed  From: 650 25TH STREET SUITE 100  To: 650 25TH ST NW | |
| Principal Address 2 Changed  From: No value  To: STE 100 | |
| Principal Postal Code Changed  From: 37311  To: 37311-1353 | |
| 10/13/2011   Merger - Survivor | 6948-2133 |
| Qualified Survivor Control # Changed   To: 000659921 | |
| Qualified Survivor Changed   To: Santek Waste Services, Inc. (Bradley County) | |
| Qualified Non-survivor Control # Changed   To: 000307143 | |
| Qualified Non-survivor Changed   To: ENVIRONMENTAL MATERIALS HOLDINGS INC. (Hamilton County) | |
| 06/02/2011   Initial Filing | 6899-0110 |

| **Active Assumed Names (if any)** | **Date** | **Expires** |
|---|---|---|



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## Filing Information

Name:   **Santek Holdings, Inc.**

### General Information

| | | |
|---|---|---|
| **SOS Control #** | 000677889 | Formation Locale: TENNESSEE |
| Filing Type: | For-profit Corporation - Domestic | Date Formed:   02/02/2012 |
| | 02/02/2012 11:59 AM | Fiscal Year Close  12 |
| Status: | Active | |
| Duration Term: | Perpetual | |

**Registered Agent Address**
EDDIE CAYLOR
STE 100
650 25TH ST NW
CLEVELAND, TN  37311-1353

**Principal Address**
STE 100
650 25TH ST NW
CLEVELAND, TN  37311-1353

The following document(s) was/were filed in this office on the date(s) indicated below:

| Date Filed | Filing Description | Image # |
|---|---|---|
| 03/31/2020 | 2019 Annual Report | B0849-7444 |
| 04/09/2019 | 2018 Annual Report | B0690-0745 |
| 04/06/2018 | 2017 Annual Report | B0529-8030 |
| 07/05/2017 | 2016 Annual Report | B0412-9766 |
| 06/01/2017 | Notice of Determination | B0401-5253 |
| 03/29/2016 | 2015 Annual Report | B0223-8586 |
| 01/27/2015 | 2014 Annual Report | B0047-5793 |
| 07/23/2014 | 2013 Annual Report | A0255-0120 |
| 06/03/2014 | Notice of Determination | A0245-1184 |
| 03/29/2013 | 2012 Annual Report | A0169-0546 |

Registered Agent First Name Changed From: RAY  To: EDDIE
Registered Agent Middle Name Changed  From: D.  To: No Value
Registered Agent Last Name Changed From: STEWART  To: CAYLOR

| 02/02/2012 | Initial Filing | 6992-1794 |

| **Active Assumed Names (if any)** | **Date** | **Expires** |
|---|---|---|



1/18/2021 12:34:36 PM

Page 1 of 1

# PennStuart

ABINGDON | BRISTOL | JOHNSON CITY | RICHMOND

208 E. MAIN ST., ABINGDON, VA 24210

PENNSTUART.COM

**Danielle Stone**

dstone@pennstuart.com
D: 276 623 4423
F: 276 623 5543

January 22, 2021

VIA HAND DELIVERY
Hon. Tammy B. Allison, Clerk
Tazewell County Circuit Court
135 Court Street, Suite 202
Tazewell, VA 24651-1071

> RE:  John T. Buchanan v. Santek Environmental of Virginia, LLC
> Case No.: CL20002129-00
> PS&E File No.: 9598-2

Dear Ms. Allison:

I enclose for filing a Plea in Bar, Demurrer, and Answer in the above-referenced case.

I also enclose a Notice of Filing of Notice of Removal and a copy of a Notice of Removal, which should be filed after the Answer has been filed.

With best regards, I am

Very truly yours,

Danielle Stone

Enclosures

cc:  Bradley C. Ratliff, Esq. (via e-mail and U.S. Mail, with enclosures)
Christopher S. Burnside, Esq. (via e-mail, with enclosures)

Received and filed in Tazewell County,
Virginia Circuit Court Clerk's Office.
This the 22 day of Jan, 2021
Time 10:40 A.M.
TESTE: Kathy Crabtree
Clerk, Deputy Clerk

Abingdon: 1139174-1