# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| JOHN T. BUCHANAN, | ) | |
| Plaintiff, | ) | Case No. 1:21CV00006 |
| v. | ) | **OPINION AND ORDER** |
| SANTEK ENVIRONMENTAL OF VIRGINIA, LLC, | ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Bradley C. Ratliff*, THE RATLIFF LAW FIRM, Cedar Bluff, Virginia, for Plaintiff; *Alex J. Zurbuch*, FROST BROWN TODD LLC, Charleston, West Virginia, and *Danielle Stone*, PENN STUART & ESKRIDGE, Abingdon, Virginia, for Defendant.

The plaintiff, performing community service at the defendant's landfill, has brought this negligence claim alleging that the defendant's failure to provide sufficient warnings, training, supervision, or signage at the landfill, caused a non-party's vehicle to injure him while he was working there. The defendant has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be substantially denied.

I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding the Motion to Dismiss.

Plaintiff John T. Buchanan was "working as a volunteer performing community service . . . placed by the Tazewell County Probation and Parole office,"

at the Cedar Bluff Solid Waste Transfer Station, a landfill operated by the defendant, Santek Environmental of Virginia, LLC ("Santek").  Compl. ¶¶ 4, 5, ECF 1-7. Buchanan was expected to assist customers with loading, unloading, and removing garbage from their vehicles and as part of that process, to direct customers to the dumping area.

According to Buchanan, Santek had provided him with no training for this position, nor did it adequately supervise him and other staff or volunteers working there.  *Id.* ¶ 12.  Furthermore, Santek had not installed signs or controls for vehicular or pedestrian traffic, "leaving traffic to move about freely, forward and in reverse, with no rules, no direction, and no limitations . . . despite a confluence of traffic on foot and[] automobiles commingling constantly on the site."  *Id.* ¶¶ 15, 16.

On July 19, 2019, while directing a customer's pickup truck moving in reverse to the dumping area, the truck struck Buchanan, causing him to incur severe injuries.

Buchanan filed suit against Santek in the Circuit Court of Tazewell County, Virginia.  He alleges that Santek's negligent failure to provide adequate training, warnings, supervision, and signage proximately caused his injuries.  He seeks compensatory and punitive damages, as well as attorney's fees.  Santek timely removed the lawsuit and invoked this court's diversity jurisdiction under 28 U.S.C.

§ 1332 on account of the parties' diverse citizenship and the plaintiff's demand for money damages exceeding $75,000.[1]

Santek has filed a Motion to Dismiss under Rule 12(b)(6) which raises three principal arguments for dismissal under Virginia law. First, Santek argues that the Complaint does not contain factual allegations to support necessary elements of a negligence claim, namely duty, breach, and proximate cause. Second, Santek argues that the Complaint admits Buchanan's contributory negligence and assumption of the risk which completely bar his recovery. Third, Santek asserts that the Complaint lacks allegations to support a demand for punitive damages or attorneys' fees. The Motion to Dismiss is ripe for decision.[2]

---

[1] The parties are diverse. Buchanan alleges that he is a citizen of Virginia. Santek Environmental of Virginia, LLC, is a limited liability company and its citizenship is determined by the citizenship of its member. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 194 (1990). Its sole member is another LLC, a Tennessee LLC. That LLC has a sole member which is also a Tennessee LLC. The sole member of that LLC is a Tennessee corporation, Santek Holdings Inc., with a principal place of business in Tennessee. *See Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002) (stating that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.")

[2] Santek filed and served electronically its Motion to Dismiss on February 8, 2021. Buchanan did not file a response, and the time to file a response in this court has elapsed. W.D. Va. Civ. R. 11(c)(1) (providing that responses to motions be filed within fourteen days after service). Although the motion is unopposed, I am still obligated to consider it on its merits. *Altizer v. Town of Cedar Bluff*, No. 1:14CV00007, 2014 WL 2535057, at *2 (W.D. Va. June 5, 2014); *cf. Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (holding that when considering a motion for summary judgment, the court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law").

II.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court's "inquiry is to determine whether the facts alleged in the plaintiff's complaint are legally sufficient to state a claim upon which relief can be granted." *Fessler v. IBM Corp.*, 959 F.3d 146, 151–52 (4th Cir. 2020).[3] "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, [the court] assume[s] the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id.* (citation omitted). "To survive a motion to dismiss, [the court] require[s] 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

III.

A.

To succeed on a negligence claim, a plaintiff must demonstrate "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003).

---

[3] Internal quotations, marks, citations, and alterations are omitted throughout this Opinion unless otherwise specified.

Santek urges dismissal by disputing the duty owed, and contending that the Complaint fails to allege that its conduct proximately caused the plaintiff's injuries.

1.

Generally, a defendant owes a duty to exercise "that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another." *Evans v. Nacco Materials Handling Grp., Inc.*, 810 S.E.2d 462, 469 (Va. 2018). Santek concedes that it owed Buchanan "the general duty to exercise ordinary care," although it disputes whether its duty required a higher standard of care owing to an alleged special relationship between the parties. Mem. Supp. Mot. Dismiss 6, ECF No. 12. It is not necessary to determine whether any higher standard of care flowed from a special relationship at the motion to dismiss stage where the court merely "test[s] the legal sufficiency of the complaint." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Because even a threshold duty of ordinary care for a landfill operator in these circumstances could plausibly encompass providing trainings, warnings, supervision, or signage, such a duty is sufficient to support Buchanan's negligence claim.

2.

The defendant next argues that the Complaint does not allege that Santek's conduct proximately caused Buchanan's injuries because a third party's impact with the plaintiff intervened between its alleged negligence and the plaintiff's injuries.

Proximate cause is "an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred." *Williams v. Joynes*, 677 S.E.2d 261, 264 (Va. 2009). That formulaic legal standard often turns on two more easily related concepts. First, proximate cause denotes "reasonable foreseeability." *Va. Elec. & Power Co. v. Winesett*, 303 S.E.2d 868, 874 (Va. 1983). This means that the plaintiff's injury must be a "natural and probable" result of the defendant's breach. *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 538 (Va. 2012). Second, a proximate cause must bear such a close "causal relation" to the plaintiff's injury that the injury would not have occurred "but for" that cause. *Appalachian Power Co. v. Wilson*, 129 S.E. 277, 280 (Va. 1925). Of course, there may be "more than one proximate cause" for an injury. *Williams*, 677 S.E.2d at 264.

An intervening, "superseding cause" may "sever[] the link of proximate causation between the initial negligent act and the resulting harm, thereby relieving the initial tortfeasor of liability." *Id*. "[N]ot every intervening cause is a superseding cause." *Coleman v. Blankenship Oil Corp.*, 267 S.E.2d 143, 147 (Va. 1980). A "sufficient intervening act" must be "so highly extraordinary as to be unforeseeable." *Dorman v. State Indus., Inc.*, 787 S.E.2d 132, 139 (Va. 2016). But an intervening cause which is "reasonably foreseeable" from the defendant's negligence, or one that was "put into operation" by the defendant's initial negligent act, does not sunder the

defendant's liability. *Hawkins v. Commonwealth*, 770 S.E.2d 787, 789 (Va. Ct. App. 2015). Proximate cause is "ordinarily [a] question[] of fact for the jury's determination." *Dorman*, 787 S.E.2d at 138.

The Complaint plausibly alleges causation here, because it allows for the inference that the truck striking Buchanan was the foreseeable result of Santek's negligence and would not have occurred but for Santek's inaction. Santek's misplaced argument that it cannot be held "vicariously liable" for the actions of the truck driver, Mem. Supp. Mot. Dismiss 6, ECF No. 12, is of no import because Virginia law on proximate cause permits imposing liability on the original tortfeasor where a third-party committed an intervening negligent act that was reasonably foreseeable or "put into operation by the defendant's negligent acts." *Hawkins*, 770 S.E.2d at 789; *Coleman,* 267 S.E.2d at 147, 148 (holding the defendant's oil spill on the highway was the "sole proximate cause" of the plaintiff's vehicle crash despite an intervening third party clean-up vehicle that obscured plaintiff's view of the road, reasoning the clean-up vehicle was "put into operation by the defendant's wrongful act").

Here, the Complaint allows for the inference that an injury like this was reasonably foreseeable under the circumstances. One need not be clairvoyant to contemplate that at a landfill which is held open to the public, a truck with "heavy equipment" dumping waste in "dangerous locations" without proper signs or traffic

signals could negligently injure an untrained volunteer attempting to guide it. Compl. ¶ 12, ECF No. 1-7. It is equally plausible to infer that the impact was put into operation by Santek's negligence in the first instance, because Santek allowed "traffic to move about freely, forward and in reverse, with no rules, no direction, and no limitations . . . despite a confluence of traffic on foot" with "no pedestrian controls." *Id*. at ¶¶ 15–16. Thus, the Complaint has plausibly alleged that the truck striking Buchanan as he attempted to direct and unload it at Santek's landfill was not so "highly extraordinary as to be unforeseeable" and sever liability flowing from Santek's initial failures to provide reasonable warnings, training, supervision, or signage. *Dorman*, 787 S.E.2d at 139. There are indeed plausible allegations that Santek's breach proximately caused Buchanan's injuries notwithstanding the intervening actions of the truck driver.

B.

Santek next argues that Buchanan's claim is barred by contributory negligence or assumption of the risk. According to Santek, the Complaint's allegation that Buchanan directed the truck which struck him despite his lack of training to do so admits that he assumed the risk of injury or that he was "guilty of contributory negligence as a matter of law." Mem. Supp. Mot. Dismiss 4, ECF No. 12.

It is true that "[c]ontributory negligence is an affirmative defense" under Virginia law. *Fultz v. Delhaize Am., Inc.*, 677 S.E.2d 272, 275 (Va. 2009). The "[n]egligence of the parties may not be compared, and any negligence of a plaintiff which is a proximate cause of the accident will bar a recovery." *Litchford v. Hancock*, 352 S.E.2d 335, 337 (Va. 1987). Similarly, a plaintiff's assumption of the risk is a "complete bar" to recovery in negligence if the defendant can show that the plaintiff "fully understood the nature and extent of a known danger and voluntarily exposed herself to that danger." *Thurmond v. Prince William Pro. Baseball Club, Inc.*, 574 S.E.2d 246, 249 (Va. 2003). To grant an affirmative defense raised on a Rule 12(b)(6) motion, "all necessary facts for the defense to prevail" must appear on the "face of the complaint." *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850–51 (4th Cir. 2016). Moreover, since these affirmative defenses turn on factual issues of proximate cause, knowledge, and voluntariness, they ordinarily "present[] a jury question, unless reasonable minds could not differ on the issue." *Thurmond*, 574 S.E.2d at 249 (assumption of the risk); *Litchford*, 352 S.E.2d at 337 (contributory negligence).

Ruling that Buchanan was contributorily negligent or assumed the risk at the motion to dismiss stage would be inappropriate, because reasonable minds could differ on the factual issues of proximate cause and Buchanan's knowledge or voluntary exposure, particularly since the parties have not yet conducted discovery.

*Id*. Specifically, the fact-finder could reasonably conclude that Santek's inadequate signage or lack of supervision proximately caused Buchanan's injuries instead of Buchanan's own conduct. The fact-finder could also reasonably find that Buchanan did not voluntarily expose himself to any danger because the probation office allegedly placed him at the landfill. Therefore, Santek's affirmative defenses cannot bar Buchanan's claim at this juncture.

C.

Finally, Santek argues that the Complaint fails to state a claim for punitive damages or attorney's fees. Mem. Supp. Mot. Dismiss 6–7, ECF No. 12. But I have previously denied Rule 12(b)(6) motion to 'dismiss' punitive damages where the remedy is "theoretically recoverable under the applicable law." *Debord v. Grasham*, No. 1:14CV00039, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014). Here, punitive damages are theoretically recoverable under Virginia law if there is a factual basis to indicate that Santek's conduct was "malicious" or "so willful or wanton as to evince a conscious disregard of the rights of others." *Bowers v. Westvaco Corp.*, 419 S.E.2d 661, 668 (Va. 1992). Therefore, I will not dismiss the plaintiff's claim insofar as it seeks punitive damages.

Applying that reasoning to the requested remedy of attorney's fees militates a different result, because such damages are not theoretically recoverable here under applicable law. Virginia ascribes to the so-called American rule which provides that

"ordinarily, attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Ryder v. Petrea*, 416 S.E.2d 686, 688 (Va. 1992). The Complaint does not point to any statute or contract that would require Santek to pay Buchanan attorney's fees. Since Buchanan has "cite[d] no case law, governing statutory provision, or relevant contractual agreement between the parties that might locate his request for relief within the ambit of any exception to Virginia's default rule," his request for attorney's fees will be denied. *Hill v. Alstom Power, Inc.*, No. 3:13-CV-00496-JAG, 2013 WL 6408416, at *3 (E.D. Va. Dec. 6, 2013) (granting 12(b)(6) motion to dismiss plaintiff's request for attorney's fees); *U.S. ex rel. Advance Concrete, LLC v. THR Enters., Inc.*, No. 2:12CV198, 2012 WL 3686741, at *1 (E.D. Va. Aug. 24, 2012) (same).

In conclusion, the Complaint contains factual allegations to plausibly support the elements of a negligence claim. Ruling on Santek's affirmative defenses are premature at this juncture. Finally, Buchanan's claim may proceed to the extent it seeks compensatory and punitive damages, but will be dismissed insofar as it seeks attorney's fees.

IV.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss the Complaint, ECF No. 11, is DENIED IN PART AND GRANTED IN PART.

-12-

ENTER: May 10, 2021

/s/  JAMES P. JONES
United States District Judge